Hi!IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DANIEL W. JAMISON,**

    Plaintiff,

v.                                                                               Civil Action No. **3:19CV19**

**STACEY A. KINCAID,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Daniel W. Jamison, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Jamison's Particularized Complaint ("Complaint," ECF No. 19.) The matter is before the Court on Jamison's failure to serve Defendants Aramark, Carlisle, Rauf, and Thompson in a timely matter and the Motion to Dismiss filed by Defendants Kincaid, Sites, Kassa, Conner, Wurie, Aughavin, Rejeili, Able, Jones, and Plazyk.[2] (ECF No 28.) Jamison responded, (ECF Nos. 34, 35, 46), and Defendants replied, (ECF No. 37). For the reasons set forth below, the claims against Aramark, Carlisle,

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions. To the extent Jamison misspelled a defendant's name or incorrectly identified his or her official position, the Court utilizes the correct spelling and title from Defendants' Memorandum in Support of the Motion to Dismiss. (*See* ECF No. 29, at 1.)

Rauf, and Thompson will be DISMISSED WITHOUT PREJUDICE and the Motion to Dismiss will be GRANTED IN PART AND DENIED IN PART.

### I. Failure to Serve Defendants Aramark, Carlisle, Rauf, and Thompson

Pursuant to Federal Rule of Civil Procedure 4(m), Johnson had ninety (90) days from the filing of the Particularized Complaint to serve the defendants. Here, that period commenced on October 25, 2019. By Memorandum Order entered on June 30, 2020, the Court directed to Jamison to show good cause for his failure to serve Defendants Aramark, Carlisle, Rauf, and Thompson within the time required by Rule 4(m).[3]

Jamison responded that he was unaware that Defendants Aramark, Carlisle, Rauf, and Thompson had not been served. (ECF No. 46, at 1.) Jamison thought because the names of these defendants were on the docket sheet, "this meant these Defendants were served." (*Id.* at 2.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

---

[3] The June 30, 2020 Memorandum Order also directed Jamison to show good cause for his failure to serve Defendant Ray. Defendant Ray has not appeared in the action. The Marshal indicated that he had obtained substitute service for Defendant Ray on Lieutenant Michael Chapman on December 16, 2019. (ECF No. 23, at 8.) However, on July 17, 2020, Defendants filed a praecipe wherein they state "the Summons and Complaint for S. Ray, DDS was not left with or served upon Lieutenant Michael Chapman . . . on December 16, 2019, nor was Lt. Michael Chapman authorized to accept any Summons and Complaint for S. Ray, DDS. (ECF No. 47, at 1.) Given these circumstances, by a separate Memorandum Order entered on July 28, 2020, the Court directed the Marshal to make further efforts to serve S. Ray. On August 20, 2020, the Marshal returned the summons for Defendant Ray unexecuted. (ECF No. 51, at 2.) The Marshal stated that he was not able to serve Defendant Ray at the Fairfax Adult Detention Center, the address where Jamison indicated Defendant Ray could be served. (ECF No. 51, at 3.) The Marshal was informed Defendant Ray was not located at the Fairfax Adult Detention Center and was not employed by that facility. (*Id.*) Accordingly, Jamison will be DIRECTED to show cause within eleven (11) days of the date of entry hereof why all claims against Defendant Ray should not be dismissed.

Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10cv210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08cv100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Jamison has failed to demonstrate good cause for his failure to timely serve Defendants Aramark, Carlisle, Rauf, and Thompson. Nothing on the docket indicates these defendants were served. Moreover, inspection of the Motion to Dismiss filed by the other defendants would have revealed that Defendants Aramark, Carlisle, Rauf, and Thompson had not made an appearance. Additionally, the Marshal's Process Receipts and Returns for Defendants Aramark, Carlisle, Rauf, and Thompson reflect that the Marshal sent Jamison notice that the Marshal had not be able to serve Defendants Aramark, Carlisle, Rauf, and Thompson. (*See, e.g.*, ECF No. 24, at 3.) Given these circumstances, Jamison fails to demonstrate that he made a "reasonable, diligent

effort[] to effect service on" Defendants Aramark, Carlisle, Rauf, and Thompson. *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendants Aramark, Carlisle, Rauf, and Thompson will be DISMISSED WITHOUT PREJUDICE.

## II. Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

4

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Defendants and Their Arguments for Dismissal

In his Complaint, Jamison names the following individuals as defendants: Stacey A. Kincaid, Sheriff of the Fairfax County Adult Detention Center ("ADC"); Lieutenant Colonel Mark W. Sites; First Lieutenant Aughavin; Second Lieutenant Messier; First Lieutenant Rejeili; PFC Able; PFC Jones; PFC Plazyk; Lishan Kassa, MD; Jonita Conner, MD; and, Janet Wurie, NP. Although Jamison listed as a defendant Jonita Conner, he fails to mention her in the body of the Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro

5

se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Accordingly, all claims against Jonita Conner will be DISMISSED WITHOUT PREJUDICE.

In arguing for dismissal, the Defendants focus not on the specific allegations in the Complaint, but on broad arguments of mootness, immunity, and misjoinder. Moreover, as often as not, Defendants' arguments for dismissal fail to adequately address why under the governing law and in light of the pertinent allegations from the Complaint, any particular claim should be dismissed.

For example, Defendants notes that "Sheriff Kincaid and others cannot be personally liable for actions performed by their subordinates because there is no *respondeat superior* liability under § 1983." (ECF No. 29, at 8 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Defendants then conclude, "[t]o the extent plaintiff Jamison appears to claim that Sheriff Kincaid and Lt. Col. Sites are responsible for the actions of any other of the defendants, his claim should be dismissed." (*Id.*) Defendants, however, do not identify the claims against them, much less identify which claims are merely predicated on a theory of *respondeat superior* liability. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A 'skeletal argument', really nothing more than an assertion, does not preserve a claim." (citing *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990))). The Court "may properly depend upon counsel to apprise [it] of the issues for decision. [It] is not obligated to conduct a search for other issues which may lurk in the pleadings." *Libertyville Datsun Sales, Inc. v. Nissan Motor Corp. in U.S.A.*, 776 F.2d 735, 737 (7th Cir. 1985) (quoting *Desert Palace, Inc. v. Salisbury*, 401 F.2d 320, 324 (7th Cir. 1968)). Because Defendants have failed to identify any particular claim which they assert is

predicated on a theory of *respondeat superior*, the Court declines to dismiss any of Jamison's claims based on this argument.

Given the nature of Defendants' remaining arguments, the Court will provide a limited summary of some of the pertinent allegations prior to addressing Defendants' arguments for dismissal.[4]

### IV. Summary of Pertinent Allegations

"Jamison was held at [the ADC] . . . while awaiting trial and for a short time after sentencing while awaiting relocation to the Virginia state prison system from Oct[ober] of 2016 until March 2018." (Compl. 3.) Jamison suffers from a number of ailments, including celiac disease, a hernia, headaches, hemorrhoids, bloody stools, and chronic pain. (*Id.* at 2.) During his incarceration at the ADC, Jamison alleges that he was "made to sleep on the floor for long periods of time" and was "locked into cells with no water or working toilet for long periods of time." (*Id.* at 4.) Additionally, during his incarceration at ADC, Jamison alleges, *inter alia*, that: he received "no treatment for [his] celiac [disease];" "no diet that is medically necessary for someone with celiac disease, gluten free;" and, "no access to specialized care or outside care for the Plaintiff's serious medical needs." (*Id.* at 7.)

Jamison alleges that at different times, he sent Defendant Kincaid requests, grievance procedure documents, and letters alerting her to the violations of his rights. (*Id.* at 9.) Specifically, Jamison alleges that on February 10, 2018, he sent Defendant Kincaid a letter informing her of "the problems the plaintiff was dealing with, such as, inadequate medical care for his serious medical needs such as a chronic rash, headaches, bloody stool, bleeding from the

---

[4] Defendants Kincaid, Sites, Aughavin, Messier, Rejeili, Able, Jones, and Plazyk will be referred to collectively as "the Sheriff Defendants," and Defendants Kassa and Wurie, will be referred to as "the Medical Defendants."

7

rectum, celiac disease [with] no diet for medical reasons and no access to outside care." (*Id.*) Jamison also informed her that he was placed in a cell with no running water and no toilet. (*Id.*)

### A. Mootness

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa*, 507 F.3d at 287. Defendants correctly note that Jamison's transfer from the ADC moots his claims for injunctive or declaratory relief. Accordingly, Jamison's requests for injunctive and declaratory relief will be DISMISSED AS MOOT.

### B. Sovereign Immunity

The Sheriff Defendants contend that Jamison's claims against them in their official capacity must be dismissed as they are entitled to sovereign immunity. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. "[A]bsent waiver by a State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945)). "This bar

remains in effect when State officials are sued for damages in their official capacity." *Id.* (citations omitted). The Supreme Court of the United States "has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Id.* at 169 n.17 (citation omitted). Specifically, "[t]here is considerable authority holding that the Eleventh Amendment precludes § 1983 official[ ]capacity suits against Virginia Sheriffs and their deputies because they are state, not local, officials." *Gemaehlich v. Johnson*, No. 7:12cv263, 2013 WL 589234, at *4 (W.D. Va. Feb. 14, 2013) (citing cases and dismissing the plaintiff's claims against a Virginia sheriff and her deputies as barred by the Eleventh Amendment); *accord Smith v. Town of S. Hill*, No. 3:19cv46, 2020 WL 1324216, at *8 (E.D. Va. Mar. 20, 2020). Because the Eleventh Amendment bars Jamison's official capacity claims against the individual Sheriff Defendants, the Court WILL DISMISS that aspect of Jamison's claims against the Sheriff Defendants in their official capacity.

Next, the Medical Defendants argue that because they "are employees of the Sheriff . . . [they] are also immune under Virginia case law." (ECF No. 29, at 8–9 (citing *Lohr v. Larsen*, 431 S.E.2d 642 (Va. 1993)).[5] They conclude that, "[s]overeign immunity **applies to all of plaintiff's claims** against the Medical Provider Defendants, and they should be dismissed from this case with prejudice." (*Id.* at 9 (emphasis added).) The Medical Defendants' argument overstates the breadth of this class of immunity and fails to adequately explain why it applies to the facts of this case.

"Although Virginia has statutorily waived its immunity from negligence suits against the Commonwealth itself, it has explicitly retained 'the individual immunity of . . . public officers,

---

[5] In *Lohr v. Larsen*, the Supreme Court of Virginia held that a state-employed public health physician was entitled to sovereign immunity from liability for acts of ordinary negligence. 431 S.E.2d at 646.

their agents and employees from tort claims for damages . . . .'" *Coppage v. Mann*, 906 F. Supp. 1025, 1047 (E.D. Va. 1995) (omissions in original) (quoting Va. Code § 8.01–195.3). Contrary to the Medical Defendants' suggestion, "only negligent conduct is protected by the doctrine; acts constituting gross negligence or intentional torts are not immunized." *Id.* (citing *Fox v. Deese*, 362 S.E.2d 699 (Va. 1987); *James v. Jane*, 282 S.E.2d 864, 869 (Va. 1980)).[6] Moreover, in order to determine whether an employee enjoys immunity for a particular negligent act, "[t]he Court must consider '(1) the nature of the function performed by the employee, (2) the extent of the state's interest and involvement in that function, (3) the degree of control exercised by the state over the employee, and (4) whether the alleged negligent act involved judgment and discretion.'" *Dowdy v. Pamunkey Reg'l Jail Auth.*, No. 3:14cv03, 2014 WL 2002227, at *4 (E.D. Va. May 15, 2014) (quoting *Messina v. Burden*, 321 S.E.2d 657, 663 (Va. 1984)). In the supporting Memorandum, the Medical Defendants fail to adequately address the third and fourth factors mentioned above and fail to explain with citation to the law and to allegations in the Complaint why they would be entitled to the protection of sovereign immunity.

Moreover, "'all independent contractors are excluded' from the protection of sovereign immunity." *Whitacre v. Thiele*, 243 F. Supp. 3d 730, 735 (W.D. Va. 2017) (quoting *Atkinson v. Sancho*, 541 S.E.2d 902, 905 (Va. 2001)). Jamison alleges that the Medical Defendants are "employed/subcontracted" to the ADC. (Compl. 2.) Therefore, it is not clear from the Complaint whether the Medical Defendants were employees of the ADC or merely independent contractors providing, medical care. Given the foregoing allegations and the current briefing, the

---

[6] Jamison repeatedly alleges that the Medical Defendants acted with deliberate indifference in violation of his constitutional rights (Compl. 17–20), or in the case of Defendant Kassa, with "gross negligence" (*id.* at 20).

Medical Defendants Motion to Dismiss all claims against them on the grounds of sovereign immunity will be DENIED WITHOUT PREJUDICE.

### C. Qualified Immunity

Next, Defendants argue that "[t]o the extent that plaintiff's claims might possibly be interpreted as claims against the Sheriff Defendants personally, qualified immunity also applies." (ECF No. 29, at 7.) Thereafter, the Sheriff Defendants briefly recount a few broad principles regarding qualified immunity and demand the dismissal of any claim against them. "Contrary to Defendants' approach to briefing, '[a] defendant invoking qualified immunity must do more than mention its existence and demand dismissal of the suit.'" *Prosha v. Robinson*, No. 3:16cv163, 2018 WL 564855, at *7 (E.D. Va. Jan. 25, 2018) (quoting *Fisher v. Neale*, No. 3:10cv486, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010)). Rather, a defendant seeking to invoke qualified immunity must:

> (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations; and, (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful. *See Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990).

*Id.* Because the Sheriff Defendants have failed to satisfy their obligation with respect to their assertion of qualified immunity, their Motion to Dismiss based on this defense will be DENIED WITHOUT PREJUDICE.

### D. Statute of Limitations

With respect to this defense, Defendants argue, in sum,

> Plaintiff Jamison is not specific as to the dates of any events in the Particularized Complaint. To the extent plaintiff complains of any alleged acts of

negligence prior to two years from the date of filing of his Complaint (prior to January 9, 2017) such claims are time-barred. Va. Code § 8.01–243.

(ECF No. 29, at 10.)

"The applicable statute of limitations begins to run once a claim accrues . . . ." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The claims at issue in this case generally accrue when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Cox*, 529 F.2d at 50). "However, when a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a 'continuing violation' for which the statute of limitations runs anew with each violation." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166–67 (4th Cir. 1991)). The continuing violation doctrine applies to claims under § 1983. *See id.* at 487.

In *DePaola*, the Fourth Circuit stated that,

> a prisoner may allege a continuing violation under Section 1983 by identifying a series of acts or omissions that demonstrate deliberate indifference to a serious, ongoing medical need. The statute of limitations does not begin to run on such a claim for a continuing violation of a prisoner's Eighth Amendment rights until the date, if any, on which adequate treatment was provided.

884 F.3d at 487 (citation omitted). The Fourth Circuit then explained that,

> to assert a Section 1983 claim for deliberate indifference under the "continuing violation" doctrine, a plaintiff must (1) identify a series of acts or omissions that demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of these acts or omissions within the applicable statute of limitations for personal injury.

*Id.* "A plaintiff's claim of a continuing violation may extend back to the time at which the prison officials first learned of the serious medical need and unreasonably failed to act." *Id.* (citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)).

Many of Jamison's complaints regarding the provision of inadequate medical care and the denial of a proper diet appear to be continuing in nature. Because Defendants have not acknowledged the theory of a continuing violation, much less explained why it does not apply to save any particular claim, the Court will be DENIED WITHOUT PREJUDICE Defendants' Motion to Dismiss some of Jamison's claims as barred by the statute of limitations.

### E. Misjoinder

Finally, Defendants contends that Jamison has misjoined his claims against the Medical Defendants with his claims against Defendant Kincaid and that the Medical Defendants should be dropped from the case. (ECF No. 29, at 10.) Once again Defendants fails to explain why, under the facts of the Complaint and the relevant legal authorities, any claim should be dismissed.[7]

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a)(2). That rule provides:

> (2) ***Defendants***. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

---

[7] Defendants make only a drive-by citation to Federal Rules of Civil Procedure 20 and 21.

13

The few allegations quoted above reflect that Jamison's claims against Defendant Kincaid and the Medical Defendants are reasonably related. Jamison contends that the Medical Defendants were deliberately indifferent to his serious medical needs. Jamison further claims that Defendant Kincaid was deliberately indifferent to the inadequate medical care provided by the Medical Defendants. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984) (citations omitted) (observing that supervisory liability "is not premised on respondeat superior . . . , but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care"). Given the foregoing allegations, the Motion to Dismiss any claims on grounds of misjoinder will be DENIED.

### V. Conclusion

All claims against Aramark, Carlisle, Rauf, and Thompson will be DISMISSED WITHOUT PREJUDICE because Jamison failed to timely serve these individuals. The Motion to Dismiss (ECF No. 28) will be GRANTED IN PART AND DENIED IN PART. All claims against Jonita Conner will be DISMISSED WITHOUT PREJUDICE. Jamison's requests for declaratory and injunctive relief will be DISMISSED AS MOOT. That aspect of Jamison's claims against the Sheriff Defendants in their official capacity will be DISMISSED.

Any party wishing to file a motion for summary judgment must do so within ninety (90) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: 9/9/2020
Richmond, Virginia